1  DALE BISH, State Bar No. 235390
   ALLIE M. FELLOWS, State Bar No. 346701
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, California 94304
4  Telephone:   (650) 493-9300
   Facsimile:    (866) 974-7329
5  Email:        dbish@wsgr.com
                 afellows@wsgr.com
6
7  ELI B. RICHLIN, NY State Bar No. 4861357 (*pro hac vice forthcoming*)
   PAUL C. GROSS, NY State Bar No. 5615687 (*pro hac vice forthcoming*)
8  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
9  1301 Avenue of the Americas, 40th Floor
   New York, New York 10019
10 Telephone:   (212) 999-5800
   Facsimile:    (866) 974-7329
11 Email:        erichlin@wsgr.com
                 pgross@wsgr.com
12
13 Attorneys for Defendant
   DoNotPay, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JONATHAN FARIDIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DONOTPAY, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.:<br><br>**NOTICE OF REMOVAL** |

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that under 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, Defendant DoNotPay, Inc. ("DoNotPay" or "Company") removes this action from the Superior Court of the State of California for the County of San Francisco ("Superior Court"). Further, this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. The grounds for removal are as follows:

## BACKGROUND

1. On March 3, 2023, Plaintiff filed a Complaint (the "Complaint" or "Compl.") against Defendant DoNotPay in the matter captioned *Faridian v. DoNotPay, Inc.*, Case No. CGC-23-604987 (the "Action") for alleged violations of California Business and Professions Code Section 17200. Plaintiff purports to bring the action "individually and on behalf of all others similarly situated." A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. In summary, Plaintiff's Complaint alleges that DoNotPay has violated California Business and Professions Code Section 17200 by (a) holding itself out to be an attorney to residents of the State of California; and (b) engaging in the unlawful practice of law by selling legal services to California residents without a law license. Compl. ¶ 44. Plaintiff requests relief in the form of restitution for "all amounts Plaintiff and the Class paid to Defendant for its services," "injunctive and other equitable relief as necessary to protect the interests of the Class," and "reasonable litigation expenses and attorneys' fees[.]" Compl. at 11 (Prayer for Relief).

3. DoNotPay accepted service of the Complaint and summons on March 11, 2023. Pursuant to 28 U.S.C. § 1446(a), the Complaint and all other "process, pleadings, and orders" from the state court action are attached to the Declaration of Allie Fellows in Support of this Notice of Removal, filed contemporaneously herewith ("Fellows Decl.") as Exhibits 1 and 2.

# JURISDICTION

**A.     This Court Has Subject Matter Jurisdiction Under the Class Action Fairness Act**

4.     Under the Class Action Fairness Act ("CAFA") this Court has original jurisdiction over class actions involving 100 or more putative class members, minimal diversity, and where the amount in controversy exceeds $5 million dollars. *See* 28 U.S.C. § 1332(d)(2), (d)(5). Should these requirements be satisfied, removal is warranted pursuant to 28 U.S.C. §§ 1446, 1453(b).

### i.     CAFA's Numerosity Requirement is Satisfied as There Are 100 Or More Putative Class Members

5.     The Complaint alleges that the class members are "[a]ll residents of the State of California who purchased subscriptions to DoNotPay.com," ("Class"). Compl. ¶ 36. The Complaint also states that "on information and belief, there are thousands of people in the Class[.]" Compl. ¶ 37. Plaintiff's own assertions regarding the number of class plaintiffs are sufficient to establish that the numerosity requirement is satisfied. *See Nolan v. Kayo Oil Co.*, No. C 11-00707 MEJ, 2011 WL 2650973, at *2 (N.D. Cal. July 6, 2011).

### ii.     CAFA's "Minimal" Diversity Requirement is Satisfied

6.     Under CAFA, parties are considered diverse if "*any* member of a class of plaintiffs is a citizen of a State different from *any* defendant[.]" 28 U.S.C. § 1332(d)(2)(A) (emphasis added).

7.     As a corporation, DoNotPay is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is where "a corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

8.     DoNotPay is a Delaware corporation with its principal place of business at 691 Pfister Drive, Aspen, Colorado 81611. Although the Complaint asserts that DoNotPay's "principal place of business [is] in San Francisco, California," (Compl. ¶ 9), it is the party's "actual citizenship [that] controls—not the plaintiff's mistaken allegations." *Strotek Corp. v. Air*

*Transp. Ass'n. of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002). Contrary to Plaintiff's assertions, DoNotPay's substantive operations take place in Colorado and have since late 2021.[1] In fact, DoNotPay maintains an office and a corporate bank account in Colorado and is registered to do business in Colorado at the same address. *See* Fellows Decl. Exs. 3-4. Therefore, DoNotPay is a citizen of Delaware (where it is incorporated) and Colorado (where it has its principal place of business).

9. As the proposed class set forth in the Complaint is limited to California residents, it is necessarily the case that at least one class member is a citizen of a different state (*i.e.*, California) than Defendant (a citizen of Delaware and Colorado), and diversity under CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(2).

**(iii) The Amount in Controversy Exceeds $5,000,000**

10. While Plaintiff does not specify an amount of damages in his Complaint, he seeks restitution "of all amounts Plaintiff and the Class"—which includes "[a]ll residents of the State of California who purchased subscriptions to DoNotPay.com," an amount Plaintiff deems to be in the "thousands"—paid to Defendant, injunctive and equitable relief, litigation expenses, and attorney's fees. Compl. ¶¶ 36-37, Prayer for Relief.

11. When it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," courts apply a "preponderance of the evidence" standard—meaning it must be "more likely than not" that the amount in controversy exceeds $5 million. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citation omitted).

12. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Thus, courts can consider

---

[1] Though DoNotPay had an office in San Francisco at one time, "diversity is determined by citizenship of parties as of [the] filing of the original complaint[.]" *Strotek*, 300 F.3d at 1131-32 (citing *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988)).

1  all alleged damages, excluding only "interest and costs." *Guglielmino*, 506 F.3d at 700.
2  Additionally, for purposes of removal, defendants may take plaintiff's allegations regarding
3  damages as true without conceding liability. *See Lewis v. Version Commc'ns, Inc.*, 627 F.3d 395,
4  400 (9th Cir. 2010).

5      13.     Given the numerosity of potential Class members, the effect of injunctive relief
6  on DoNotPay's business, and the potential legal costs at issue, it is "reasonable" to conclude
7  Plaintiff's allegations establish an amount in controversy in excess of $5 million. *See Salonga v.*
8  *Aegis Senior Cmtys., LLC*, No. 22-cv-00525-LB, 2022 WL 1439914, at *2 (N.D. Cal. May 6,
9  2022).

10 **B.     Alternatively, this Court Has "Diversity" Jurisdiction Under 28 U.S.C. § 1331**

11     14.     As an alternative to jurisdiction under CAFA, this Court has subject matter
12 jurisdiction pursuant to 28 U.S.C. § 1332(a). Further, it is one which may be removed to this
13 Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action wherein the
14 amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is
15 between citizens of different states.

16     15.     Plaintiff's Complaint alleges DoNotPay violated California Business and
17 Professions Code Section 17200 and seeks restitution damages for all amounts paid to Defendant
18 for its services, injunctive and other equitable relief, as well as litigation expenses. *See* Compl.
19 at 11 (Prayer for Relief). Therefore, the amount at issue exceeds the jurisdictional minimum of
20 this Court.

21     16.     Further, this action is between citizens of different states, as DoNotPay is not a
22 resident of California for purposes of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1),
23 1441(b)(2).

24     17.     Plaintiff is a resident of Yolo County, California. Compl. ¶ 8.

25     18.     Contrarily, DoNotPay is a citizen of the States of Delaware and Colorado. *See*
26 *supra* ¶ 8.

-4-
NOTICE OF REMOVAL

19. Thus, there is diversity of citizenship between Plaintiff and Defendant, and this Court has jurisdiction over this matter. *See* 28 U.S.C. § 1332 *et seq*.

## VENUE AND PROCEDURAL REQUIREMENTS

20. The Superior Court is located in the City of San Francisco, in San Francisco County, within the Federal District Court for the Northern District of California. Accordingly, venue in this Court is proper under 28 U.S.C. § 1441(a).

21. Removal is timely because DoNotPay has filed this Notice of Removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" 28 U.S.C. § 1446(b). Additionally, no defendant is domiciled in California. 28 U.S.C. § 1441(b)(2).

22. Pursuant to 28 U.S.C. § 1446(d), upon receiving a file-marked copy of this Notice of Removal, DoNotPay will promptly serve a file-marked copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Superior Court.

WHEREFORE, Defendant DoNotPay respectfully requests that the action captioned as *Faridian v. DoNotPay, Inc.*, Case No. CGC-23-604987, pending in the Superior Court of California in the County of San Francisco, be removed to this Court, and that this Court exercise its subject-matter jurisdiction over this action, and for such other relief as the Court may deem just and proper.

Dated: April 7, 2023                          Respectfully submitted,

                                              WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation

                                              By: /s/ *Dale Bish*
                                                       Dale Bish

                                              Attorneys for Defendant
                                              DoNotPay, Inc.

NOTICE OF REMOVAL