1  DALE BISH, State Bar No. 235390
   ALLIE M. FELLOWS, State Bar No. 346701
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, California 94304
4  Telephone:   (650) 493-9300
   Facsimile:   (866) 974-7329
5  Email:       dbish@wsgr.com
                afellows@wsgr.com
6

7  ELI B. RICHLIN, NY State Bar No. 4861357 (*pro hac vice forthcoming*)
   PAUL C. GROSS, NY State Bar No. 5615687 (*pro hac vice forthcoming*)
8  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
9  1301 Avenue of the Americas, 40th Floor
   New York, New York 10019
10 Telephone:   (212) 999-5800
   Email:       erichlin@wsgr.com
11              pgross@wsgr.com

12 Attorneys for Defendant
   DoNotPay, Inc.
13

14                 UNITED STATES DISTRICT COURT

15                     NORTHERN DISTRICT

16                  SAN FRANCISCO DIVISION

17

18  JONATHAN FARIDIAN, individually and on    )   CASE NO.:
    behalf of all others similarly situated,  )
19                                             )
                                               )   **DECLARATION OF ALLIE**
20                 Plaintiff,                  )   **FELLOWS IN SUPPORT OF**
                                               )   **DEFENDANT DONOTPAY, INC.'S**
21         v.                                  )   **NOTICE OF REMOVAL**
                                               )
22  DONOTPAY, INC., a Delaware corporation,    )
                                               )
23                                             )
                   Defendant.                  )
24  _____ )

25

26

27

28
   FELLOWS DECL. ISO DEFENDANT DONOTPAY'S
   NOTICE OF REMOVAL

I, Allie Fellows, hereby declare:

1.      I am an associate attorney at Wilson Sonsini Goodrich & Rosati, P.C., and am counsel to Defendant DoNotPay, Inc. ("DoNotPay") in this action. I submit this Declaration in support of Defendant DoNotPay's Notice of Removal. I have personal knowledge of the matters set forth in this Declaration and, if called upon to do so, could and would testify competently as to the matters set forth herein.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Complaint filed in State Court Action CGC-23-604987 on March 3, 2023 and served on Defendant DoNotPay on March 11, 2023.

3.      Attached hereto as Exhibit 2 is a true and correct copy of all processes, pleadings, and orders served upon Defendant DoNotPay.

4.      Attached hereto as Exhibit 3 is a true and correct copy of Defendant's Statement of Foreign Entity Authority setting forth DoNotPay's principal place of business as 691 Pfister Drive, Aspen, Colorado 81611.

5.      Attached hereto as Exhibit 4 is a true and correct copy of Defendant's bank account statement from Mercury listing Defendant's address in Aspen, Colorado.

I declare under penalty of perjury under the laws of the United States, that to the best of my knowledge, the foregoing is true and correct.

Executed this 7th day of April, 2023, Williamsburg, Virginia.


/s/ *Allie M. Fellows*
Allie M. Fellows

FELLOWS DECL. ISO DEFENDANT DONOTPAY'S
NOTICE OF REMOVAL

1

## **SIGNATURE ATTESTATION**

2          I, Dale Bish, am the ECF User whose identification and password are being used to file

3   this document.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that all

4   signatories have concurred in this filing.

5

6   Dated:  April 7, 2023                    */s/ Dale Bish*
                                              Dale Bish
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
FELLOWS DECL. ISO DEFENDANT DONOTPAY'S
NOTICE OF REMOVAL

# EXHIBIT 1

1
2
3
4

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

5
6
7
8
9
10

Jay Edelson (*pro hac vice* to be sought)
jedelson@edelson.com
J. Eli Wade-Scott (*pro hac vice* to be sought)
ewadescott@edelson.com
Emily Penkowski (*pro hac vice* to be sought)
epenkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

11
12

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

13
14
15
16
17
18

| | |
|---|---|
| JONATHAN FARIDIAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>DONOTPAY, INC., a Delaware corporation,<br><br>*Defendant.* | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) Violation of Cal. Bus. & Prof. Code § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

19
20

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

21
22
23
24
25

Plaintiff Jonathan Faridian brings this Class Action Complaint and Demand for Jury Trial against Defendant DoNotPay, Inc. ("DoNotPay") to stop the "world's first robot lawyer" from continuing to engage in the unauthorized practice of law. Plaintiff, for this Class Action Complaint, alleges as follows upon personal knowledge of himself and his own acts and experiences and, as to all other matters, upon information and belief.

26
27
28

**NATURE OF THE ACTION**

1.      Defendant DoNotPay claims to be the "world's first robot lawyer" that can help people with a range of legal issues, from drafting powers of attorney, to creating divorce settlement agreements, or filing suit in small claims court.

2.      Unfortunately for its customers, DoNotPay is not actually a robot, a lawyer, nor a law firm. DoNotPay does not have a law degree, is not barred in any jurisdiction, and is not supervised by any lawyer.

3.      DoNotPay is merely a website with a repository of—unfortunately, substandard—legal documents that at best fills in a legal adlib based on information input by customers.

4.      This is precisely why the practice of law is regulated in every state in the nation. Individuals seeking legal services most often do not fully understand the law or the implications of the legal documents or processes that they are looking to DoNotPay for help with.

5.      In California, practicing law without a license is prohibited by the State Bar Act, Cal. Bus. and Prof. Code §§ 6125, *et seq*., which prohibits persons from holding themselves out as lawyers in California or practicing law in the state of California while not being admitted to the California bar (or otherwise authorized to practice).

6.      Despite this prohibition, DoNotPay's Robot Lawyer provided and continues to provide unauthorized legal services to thousands of customers throughout the country.

7.      Accordingly, this Complaint seeks an Order: (i) declaring that Defendant's conduct is unlawful; (ii) requiring Defendant to cease the unlawful activities discussed herein; and (iii) awarding damages to Plaintiff and the proposed Class.

**PARTIES**

8.      Plaintiff Jonathan Faridian is a natural person and a resident of Yolo County, California.

9.      Defendant DoNotPay, Inc., is a corporation organized under the laws of the state of Delaware with a principal place of business in San Francisco, California.

**JURISDICTION AND VENUE**

10.     This Court has jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution because this case is a cause not given by statute to other trial courts.

11.     This Court has personal jurisdiction over Defendant because it conducts business in this State, and the conduct alleged in this Complaint occurred in, and/or emanated from, this State.

12.     Venue is proper in this Court because the conduct at issue occurred in, and/or emanated, at least in part, from this County.

**FACTUAL BACKGROUND**

**I.     The Unlawful Practice of Law in California.**

13.     The California Legislature passed the State Bar Act in 1927 in order to regulate the practice of law.

14.     The State Bar Act sets baseline standards for attorneys in the state in order to protect California residents from being harmed by unskilled or unscrupulous laymen passing themselves off as *bona fide* practitioners.

15.     Among the requirements set forth by the Legislature is being licensed or authorized to practice law in the State of California. Absent such licensure or authorization, engaging in the practice of law or holding oneself out as a licensed practitioner in the State of California is unlawful.

**II.     DoNotPay Holds Itself Out as the "World's First Robot Lawyer" But is Not Actually a Lawyer or Law Firm.**

16.     DoNotPay operates an AI-powered chatbot that uses natural language processing and machine learning algorithms to provide legal advice and assistance to users through its website, DoNotPay.com.

17.     DoNotPay was founded in 2015—by Joshua Browder, a British-American entrepreneur and software developer—initially as a tool to help people fight parking tickets.

18.    But DoNotPay has since expanded its services to cover a range of legal issues, such as filing small claims lawsuits, disputing property taxes, and even helping people access government services like unemployment benefits.

19.    DoNotPay does not minimize its claims: it heavily advertises itself as "The World's First Robot Lawyer." (*See* Figure 1, showing a screenshot from DoNotPay's website.)



## The World's First Robot Lawyer

The DoNotPay app is the home of the world's first robot lawyer. Fight corporations, beat bureaucracy and sue anyone at the press of a button.

(**Figure 1.**)

20.    Throughout its website and marketing materials, DoNotPay offers customers the ability to purportedly hire a lawyer at the click of a button to handle a variety of legal matters. (*See* Figures 2-4, showing screenshots from DoNotPay's website.)



## Defamation Demand Letters

Solve This Problem For Me

(**Figure 2.**)



(**Figure 3.**)



(**Figure 4.**)

21.    DoNotPay's marketing has worked. In one example, Browder boasted on Twitter that DoNotPay was hired to "initiate[] over 1,000 small claims lawsuits" related to a single cryptocurrency exchange. (*See* Figure 5, showing a screenshot of DoNotPay CEO's June 20, 2022 Tweet on Twitter.)



(**Figure 5.**)

22.    But DoNotPay is not a lawyer or law firm. Nor is its founder.

23.    Not surprisingly, DoNotPay has been publicly called out for practicing law without a license—most recently in relation to a stunt in which it sought to actively represent a client in court using AI. In response, DoNotPay's CEO deflects, blaming "greedy lawyers" for

getting in his way. (*See* Figure 6, showing a screenshot of DoNotPay's January 26, 2023 Retweet on Twitter.)



(**Figure 6.**)

24.     Sadly, DoNotPay misses the point. Providing legal services to the public, without being a lawyer or even supervised by a lawyer is reckless and dangerous. And it has real world consequences for the customers it hurts.

25.     One customer, who posted an online review, used DoNotPay's legal services to dispute two parking tickets. According to his account, his fines actually increased because DoNotPay failed to respond to the ticket summons. The customer then cancelled his account, but DoNotPay continued to charge a subscription fee.

26.     DoNotPay's service then reversed another customer's arguments in her parking ticket dispute. Where she had intended to argue she was not at fault, DoNotPay's services instead admitted fault, and the customer had to pay a resulting $114 fine.

27.     After backpedaling on his plan to have DoNotPay "appear" in court via an earpiece in its client's ear, Browder issued a kind of *mea culpa*—coupled with a product teaser—on Twitter on January 25, 2023. In his thread, Browder described "non-consumer legal rights

products" like "defamation demand letters" and "divorce agreements" as "a distraction" and stated that they would be removed from DoNotPay "effective immediately."

28.     As of the time of writing, DoNotPay's website still refers to itself as the "World's First Robot Lawyer" and continues to offer these legal products to the public, casting doubt on its intention to stop masquerading as a licensed practitioner.

## FACTS SPECIFIC TO PLAINTIFF FARIDIAN

29.     Plaintiff Faridian was a client of DoNotPay until January 2023.

30.     Plaintiff Faridian used DoNotPay to perform a variety of legal services. For example, Faridian used DoNotPay to draft demand letters, an independent contractor agreement, a small claims court filing, two LLC operating agreements, and an Equal Employment Opportunity Commission job discrimination complaint.

31.     Plaintiff Faridian believed he was purchasing legal documents and services that would be fit for use from a lawyer that was competent to provide them. Unfortunately, Faridian did not receive that.

32.     The services DoNotPay provided to Faridian were not provided by a law firm, lawyer, or by a person supervised by a lawyer or firm.

33.     The services DoNotPay provided Faridian were substandard and poorly done.

34.     For example, the demand letters DoNotPay drafted for him, and which were to be delivered to the opposing party, never even made it to his intended recipient. Rather, the letters were ultimately returned undelivered to Faridian's home. Upon opening one of the letters, Faridian found it to be an otherwise-blank piece of paper with his name printed on it. As a result of this delay, his claims may be time-barred.

35.     Other documents Faridian purchased from DoNotPay were so poorly or inaccurately drafted that he could not even use them. For example, Faridian requested an agency agreement for an online marketing business he wished to start. Upon reviewing the agency agreement drafted by DoNotPay, he noted that the language did not seem to apply to his

business. Even the names of relevant parties were printed inaccurately. Faridian was ultimately unable to use this document in his business project. In the end, Faridian would not have paid to use DoNotPay's services had he known that DoNotPay was not actually a lawyer.

## CLASS ALLEGATIONS

36.    **Class Definition**: Plaintiff Faridian brings this action on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All residents of the State of California who purchased subscriptions to DoNotPay.com.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37.    **Ascertainability and Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, there are thousands of people in the Class, making joinder of each individual member impracticable. Additionally, the Class is ascertainable because its members will be easily identified through Defendant's records.

38.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a)    Whether DoNotPay held itself out as being licensed to practice law in the State of California; and

b)    Whether DoNotPay engaged in the unlawful practice of law in the State of

California.

39.     **Typicality**: Plaintiff's claims are typical of the claims of all the other members of the Class. Plaintiff and the Class members sustained substantially similar damages as a result of Defendant's uniform wrongful conduct, based upon the same interactions that were made uniformly with Plaintiff and the Class.

40.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

41.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

1

**CAUSE OF ACTION**
**Violation of Cal. Bus. & Prof. Code § 17200**
2   <u>**(On Behalf of Plaintiff and the Class**</u>)

3      42.      Plaintiff incorporates the foregoing allegations as if fully set forth herein.

4      43.      The Unfair Competition Law defines unfair competition as any unlawful, unfair

5   or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and

6   any act prohibited by Chapter 1 of Part 3 of Division 7 of the California Business and

7   Professional Code.

8      44.      In the course of conducting business in California, Defendant committed

9   unlawful, unfair, and/or fraudulent business practices, by:

10          (a)      holding itself out to be an attorney to residents of the State of California

11                   when it was not, in fact, a law firm or lawyer licensed to practice law in

12                   that jurisdiction; and

13          (b)      engaging in the unlawful practice of law by selling legal services to

14                   residents of the State of California when it was not licensed to practice law

15                   in that jurisdiction.

16      45.      Defendant's acts and omissions as alleged herein violate obligations imposed by

17   statute, are substantially injurious to consumers, offend public policy, and are immoral,

18   unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged

19   benefits attributable to such conduct.

20      46.      Indeed, Defendant's acts and omissions alleged herein were misleading and/or

21   likely to deceive the consuming public.

22      47.      As a result of Defendant's unlawful conduct, Plaintiff and the Class paid a

23   subscription fee for Defendant's services. Had Plaintiff and the Class known that Defendant's

24   conduct was unlawful, they would not have paid the asking price for Defendant's services at all

25   or would have paid less.

26      48.      Pursuant to Section 17203, Plaintiff and the Class members are entitled to

27

28

CLASS ACTION COMPLAINT                    10

restitution of all amounts paid to Defendant in connection with its unlawful provision of unlicensed legal services.

49.     Unless enjoined and restrained by this Court, Defendant will continue to commit the violations alleged herein. Pursuant to Section 17203, on behalf of the Class and for the benefit of the general public of the State of California, Plaintiff seeks an injunction prohibiting Defendant from continuing its unlawful practices as alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jonathan Faridian, on behalf of himself and the Class, respectfully requests that the Court enter an Order:

A.     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Faridian as representative of the Class, and appointing his counsel as Class Counsel;

B.     Declaring that Defendant's actions, as set out above, violate Cal. Bus. & Prof. Code § 17200;

C.     Awarding restitution of all amounts Plaintiff and the Class paid to Defendant for its services.

D.     Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class;

E.     Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees under Code of Civil Procedure Section 1021.5;

F.     Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.     Awarding such other and further relief as equity and justice may require.

**JURY TRIAL**

Plaintiff Jonathan Faridian demands a trial by jury for all issues so triable.

Respectfully submitted,

**JONATHAN FARIDIAN**, individually and on behalf of all others similarly situated,

Dated: March 3, 2023          By: _____

One of Plaintiff's Attorneys

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Jay Edelson (*pro hac vice* to be sought)
jedelson@edelson.com
J. Eli Wade-Scott (*pro hac vice* to be sought)
ewadescott@edelson.com
Emily Penkowski (*pro hac vice* to be sought)
epenkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

# EXHIBIT 2

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Rafey S. Balabanian (SBN 315962) <br> Edelson PC, 150 California St., 18th Fl., San Francisco, CA 94111 <br><br> TELEPHONE NO.: 415.212.9300   FAX NO. *(Optional):* 415.373.9435 <br> E-MAIL ADDRESS: rbalabanian@edelson.com <br> ATTORNEY FOR *(Name):* Plaintiff Jonathan Faridian | *FOR COURT USE ONLY* <br><br> **ELECTRONICALLY** <br> **F I L E D** <br> *Superior Court of California,* <br> *County of San Francisco* <br><br> **03/03/2023** <br> **Clerk of the Court** <br> BY: KAREN VALDES <br> Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME: JONATHAN FARIDIAN, individually and on behalf of all others similarly situated, v. DONOTPAY, INC., a Delaware corporation,

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited** <br> (Amount demanded exceeds $25,000) | [ ] **Limited** <br> (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | **CGC-23-604987** <br> JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 1) Violation of Cal. Bus. & Prof. Code § 17200
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 3, 2023
Rafey S. Balabanian
_____(TYPE OR PRINT NAME)_____                    _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courts.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **AUG 02, 2023** |
| **TIME:** | **10:30 am** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DONOTPAY, INC., a Delaware corporation,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JONATHAN FARIDIAN, individually and on behalf of all others similarly situated,

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>San Francisco Superior Court, 400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br><br>**CGC-23-604987** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rafey Balabanian (SBN 315962) Edelson PC, 150 California Street, 18th Floor, San Francisco, CA 94111; 415.212.9300

| DATE:<br>*(Fecha)* **03/09/2023** | Clerk, by<br>*(Secretario)* **KAREN VALDES** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DoNotPay, Inc., a Delaware corporation,
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Rafey S. Balabanian (SBN 315962)<br>Edelson PC<br>150 California Street, 18th Floor<br>San Francisco, CA 94111<br>TELEPHONE NO.: 415.212.9300   FAX NO. *(Optional):* 415.373.9435<br>E-MAIL ADDRESS *(Optional):* rbalabanian@edelson.com<br>ATTORNEY FOR *(Name):* Plaintiff Jonathan Faridian | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**03/14/2023**<br>**Clerk of the Court**<br>BY: YOLANDA TABO<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco | |
|---|---|
| STREET ADDRESS: 400 McAlister Street | |
| MAILING ADDRESS: 400 McAlister Street | |
| CITY AND ZIP CODE: San Francisco, CA 94102 | |
| BRANCH NAME: Civic Center Courthouse | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Jonathan Faridian, individually and on behalf of all others similarly situated,<br>DEFENDANT/RESPONDENT: DoNotPay, Inc., a Delaware corporation, | CASE NUMBER:<br>CGC-23-604987 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*
      DoNotPay, Inc., a Delaware corporation,

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Paul C. Gross, attorney for Defendant

4. Address where the party was served:

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*        (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT: DoNotPay, Inc., a Delaware corporation,

CASE NUMBER:

CG

5.

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ.Pro address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*: 

(2) from *(city)*: 

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid r

(4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., §

d. ☑ **by other means** *(specify means of service and authorizing code section)*:

See Attachment 5d

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify)*:

c. ☐ as occupant.

d. ☑ On behalf of *(specify)*:  DoNotPay, Inc., a Delaware corporation,
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)

☐ 416.20 (defunct corporation)

☐ 416.30 (joint stock company/association)

☐ 416.40 (association or partnership)

☐ 416.50 (public entity)

☐ 415.95 (business organization, f

☐ 416.60 (minor)

☐ 416.70 (ward or conservatee)

☐ 416.90 (authorized person)

☐ 415.46 (occupant)

☐ other:

7. **Person who served papers**

a. Name: J. Eli Wade-Scott

b. Address: Edelson PC, 350 N. LaSalle St, 14th Floor, Chicago, Illinois 60654

c. Telephone number:  (312) 242-0859

d. **The fee** for service was:  $ 0

e. I am:

(1) ☑ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ a registered California process server:

(i) ☐ owner ☐ employee ☐ independent contractor.

(ii) Registration No.:

(iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true

or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Faridian v. DoNotPay, Inc. | CGC-23-604987 |

**ATTACHMENT** *(Number):* 5d

*(This Attachment may be used with any Judicial Council form.)*

On March 10, 2023, I served the documents listed in item 2, by notice and acknowledgment of receipt, to counsel for Defendant via electronic service at pgross@wsgr.com. (Code Civ. Proc. § 415.30.)

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ___1___ of ___1___

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 315962 | FOR COURT USE ONLY |
|---|---|---|

NAME: **Rafey Balabanian**
F RM NAME: **Edelson PC**
STREET ADDRESS: **150 California Street, 18th Floor**
CITY: **San Francisco**    STATE: **CA**    ZIP CODE: **94111**
TELEPHONE NO.: **415.212.9300**    FAX NO.: **415.373.9435**
E-MAIL ADDRESS: **rbalabanian@edelson.com**
ATTORNEY FOR (Name): **Plaintiff Jonathan Faridian**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: **400 McAllister St.**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Francisco, 94102-4515**
BRANCH NAME: **Civic Center Courthouse**

Plaintiff/Petitioner: **Jonathan Faridian, individually and on behalf of all others similarly**
Defendant/Respondent: **DoNotPay, Inc.**

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: **CGC-23-604987** |
|---|---|

TO *(insert name of party being served):* DoNotPay, Inc.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 10, 2023

J. Eli Wade-Scott
(TYPE OR PRINT NAME)                         (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: March 11, 2023

Paul C. Gross on behalf of DoNotPay, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,      (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

1   DALE BISH, State Bar No. 235390
    ALLIE M. FELLOWS, State Bar No. 346701
2   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
3   650 Page Mill Road
    Palo Alto, CA 94304-1050
4   Telephone:   (650) 493-9300
    Facsimile:   (866) 974-7329
5   Email:       dbish@wsgr.com
                 afellows@wsgr.com
6
7   ELI B. RICHLIN, NY State Bar No. 4861357 (*pro hac vice forthcoming*)
    PAUL C. GROSS, NY State Bar No. 5615687 (*pro hac vice forthcoming*)
8   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
9   1301 Avenue of the Americas, 40th Floor
    New York, NY 10019
10  Telephone:   (212) 999-5800
    Email:       erichlin@wsgr.com
11               pgross@wsgr.com
12
    Attorneys for Defendant
13  DoNotPay, Inc.

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                     COUNTY OF SAN FRANCISCO

16

17  JONATHAN FARIDIAN, individually and on      )   CASE NO.:  CGC-23-604987
    behalf of all others similarly situated,    )
18                                              )
                                                )   **JOINT APPLICATION FOR ORDER**
19              Plaintiff,                       )   **EXTENDING DATE FOR**
                                                )   **RESPONSE TO COMPLAINT TO**
20       v.                                      )   **MAY 9, 2023**
                                                )
21  DONOTPAY, INC., a Delaware corporation,     )   Dept.: 610
                                                )   Complaint Filed: March 3, 2023
22              Defendant.                       )   Trial Date: TBD
                                                )
23  _____)

24          Plaintiff Jonathan Faridian and Defendant DoNotPay, Inc. (together, the "Parties")

25  jointly submit this application, pursuant to California Code of Civil Procedure Section 1054,

26  California Rule of Court 3.110(e) and San Francisco Superior Court Local Rule 3.1, for an

27  order extending Defendant's time to respond to Plaintiff's Complaint to May 9, 2023.

28
    _____
    JOINT APPLICATION FOR ORDER EXTENDING DATE FOR RESPONSE TO COMPLAINT TO MAY 9, 2023
                              CASE NO. CGC-23-604987

ELECTRONICALLY
F I L E D
*Superior Court of California,*
*County of San Francisco*

**03/17/2023**
**Clerk of the Court**
BY: EDNALEEN ALEGRE
Deputy Clerk

This application is based on the below stipulated facts.

1.      The Complaint in this action was filed on March 3, 2023.

2.      Defendant DoNotPay, Inc. accepted service of the Complaint, pursuant to California Code of Civil Procedure Section 415.30, on March 11, 2023.

3.      On March 10, 2023, the Parties agreed to extend the Defendant's deadline to file responsive pleadings to the Complaint to May 9, 2023.

4.      California Code of Civil Procedure Section 1054(a) authorizes this Court to extend the time for deadlines relating to the pleadings in an action for "good cause." Additionally, where "all attorneys of record of parties who have appeared in the action agree in writing to the extension of time," such extension "shall be granted." *Id.* § 1054(b).

WHEREFORE, the Parties respectfully request that the Court grant the application and extend the deadline for Defendant to file its responsive pleadings to May 9, 2023, pursuant to the Proposed Order filed herewith.


Dated:  March 16, 2023                    WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation


                                          By: _____
                                              Dale Bish

                                          Attorneys for Defendant
                                          DoNotPay, Inc.


Dated:  March 16, 2023                    EDELSON PC


                                          By: _____
                                              Rafey S. Balabanian
                                              rbalabanian@edelson.com

                                          Attorneys for Plaintiff
                                          Jonathan Faridian

1  DALE BISH, State Bar No. 235390
   ALLIE M. FELLOWS, State Bar No. 346701
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone:  (650) 493-9300
   Facsimile:  (866) 974-7329
5  Email:      dbish@wsgr.com
               afellows@wsgr.com
6

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**03/17/2023**
**Clerk of the Court**
BY: EDNALEEN ALEGRE
Deputy Clerk

7  ELI B. RICHLIN, NY State Bar No. 4861357 (*pro hac vice forthcoming*)
   PAUL C. GROSS, NY State Bar No. 5615687 (*pro hac vice forthcoming*)
8  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
9  1301 Avenue of the Americas, 40th Floor
   New York, NY 10019
10 Telephone:  (212) 999-5800
   Email:      erichlin@wsgr.com
11             pgross@wsgr.com

12 Attorneys for Defendant
   DoNotPay, Inc.
13

14             SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                   COUNTY OF SAN FRANCISCO

16

17 JONATHAN FARIDIAN, individually and on       ) CASE NO.: CGC-23-604987
   behalf of all others similarly situated,      )
18                                                )
                                                  )
19             Plaintiff,                         ) **PROOF OF SERVICE**
                                                  )
20      v.                                        ) Dept.: 610
                                                  ) Complaint Filed: March 3, 2023
21 DONOTPAY, INC., a Delaware corporation,       ) Trial Date: TBD
                                                  )
22             Defendant.                         )
                                                  )
23 _____  )

24

25

26

27

28

<u>**PROOF OF SERVICE**</u>

I, Franchette Garcia, declare:

I am employed in Santa Clara County, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

1.   **JOINT APPLICATION FOR ORDER EXTENDING DATE FOR RESPONSE TO COMPLAINT TO MAY 9, 2023; and**

2.   **[PROPOSED] ORDER EXTENDING DATE FOR RESPONSE TO COMPLAINT TO MAY 9, 2023**

☒   By ELECTRONICALLY SERVING the document(s) via One Legal as described above on the recipients designated on the Transaction Receipt located on the One Legal website.

☒   By forwarding the document(s) by electronic transmission on this date to the Internet email address(es) listed below:

Rafey S. Balabanian, Esq.
EDELSON PC
150 California Street, 18th Floor
San Francisco, CA  94111
Telephone:  (415) 212-9300
Facsimile:   (415) 373-9435
Email:  rbalabanian@edelson.com

Jay Edelson, Esq.
J. Eli Wade-Scott, Esq.
Emily Penkowski, Esq.
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, IL  60654
Telephone:  (312) 589-6370
Facsimile:   (312) 589-6378
Email:  jedelson@edelson.com
ewadescott@edelson.com
epenkowski@edelson.com

*Attorneys for Plaintiff Jonathan Faridian*

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for delivery according to instructions indicated above.  In the ordinary course of business, documents would be handled accordingly.

-2-

1     I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct.  Executed at Mountain View, California on March 17, 2023.

3

4                                                    Franckette Garcia

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
CASE NO. CGC-23-604987

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300
Fax: 415.373.9435

Jay Edelson (*pro hac vice* to be sought)
jedelson@edelson.com
J. Eli Wade-Scott (*pro hac vice* to be sought)
ewadescott@edelson.com
Emily Penkowski (*pro hac vice* to be sought)
epenkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Putative Class*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**03/22/2023**
**Clerk of the Court**
BY: JUDITH NUNEZ
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JONATHAN FARIDIAN, individually and on behalf all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>DONOTPAY, INC., a Delaware corporation,<br><br>*Defendant.* | Case No.: CGC-23-604987<br><br>**PLAINTIFF'S APPLICATION FOR COMPLEX DESIGNATION; EXHIBIT A; EXHIBIT B**<br><br><br>**Action Filed:** March 3, 2023<br>**Trial Date:** None set |

Pursuant to California Rule of Court 3.400 and Local Rule 3.5(c), Plaintiff Jonathan Faridian, individually and on behalf of all others similarly situated, requests an order designating this action as complex and assigning it to a single judge for all purposes. In support of this request, Plaintiff provides the following:

1.     On March 3, 2023, Plaintiff filed a putative class action complaint on behalf of himself and a proposed class under Cal. Bus. & Prof. Code §§ 17200, *et seq*., seeking injunctive and declaratory relief against Defendant DoNotPay, Inc. as well as monetary relief by way of restitution and damages.

2.     Plaintiff designated the case as complex on the civil cover sheet filed with his complaint, and paid the complex litigation fee on the date his complaint was filed. A true and accurate copy of the civil cover sheet filed on March 3, 2023 is attached hereto as "Exhibit A." A true and accurate copy of the Complaint is attached as "Exhibit B."

3.     This action is provisionally complex pursuant to California Rule of Court 3.400(b) because this case is a class action.

4.     This action also satisfies the factors set forth in California Rule of Court 3.400(b) for determining whether a case should be designated complex because the case will potentially involve (1) numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve, including class certification; (2) management of a large number of witnesses or a substantial amount of documentary evidence; and (3) substantial post-judgment judicial supervision in the event of a post-judgment claims administration process. Accordingly, this matter requires "exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decisionmaking[.]" Cal. R. Ct. 3.400(a).

5.     Based on the above reasons, Plaintiff requests that this action be designated as complex.

Respectfully Submitted,

**JONATHAN FARIDIAN**, individually and on behalf all others similarly situated,

Dated: March 22, 2023

By: /s/  Rafey S. Balabanian
*One of Plaintiff's Attorneys*

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300
Fax: 415.373.9435

Jay Edelson (*pro hac vice* to be sought)
jedelson@edelson.com
J. Eli Wade-Scott (*pro hac vice* to be sought)
ewadescott@edelson.com
Emily E. Penkowski (*pro hac vice* to be sought)
epenkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Putative Class*

# Exhibit A

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Rafey S. Balabanian (SBN 315962)
Edelson PC, 150 California St., 18th Fl., San Francisco, CA 94111

TELEPHONE NO.: 415.212.9300    FAX NO. (Optional): 415.373.9435
E-MAIL ADDRESS: rbalabanian@edelson.com
ATTORNEY FOR (Name): Plaintiff Jonathan Faridian

**ELECTRONICALLY**

**F I L E D**

*Superior Court of California,*
*County of San Francisco*

**03/03/2023**
**Clerk of the Court**
BY: KAREN VALDES
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME: JONATHAN FARIDIAN, individually and on behalf of all others similarly situated, v. DONOTPAY, INC., a Delaware corporation,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CGC-23-604987** JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [x] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 1) Violation of Cal. Bus. & Prof. Code § 17200
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: March 3, 2023
Rafey S. Balabanian

(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit B

1  Rafey S. Balabanian (SBN 315962)
   rbalabanian@edelson.com
2  EDELSON PC
   150 California Street, 18th Floor
3  San Francisco, California 94111
   Tel: 415.212.9300
4  Fax: 415.373.9435

5  Jay Edelson (*pro hac vice* to be sought)
   jedelson@edelson.com
6  J. Eli Wade-Scott (*pro hac vice* to be sought)
   ewadescott@edelson.com
7  Emily Penkowski (*pro hac vice* to be sought)
   epenkowski@edelson.com
8  EDELSON PC
   350 North LaSalle Street, 14th Floor
9  Chicago, Illinois 60654
   Tel: 312.589.6370
10 Fax: 312.589.6378

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**03/03/2023**
**Clerk of the Court**
BY: KAREN VALDES
Deputy Clerk

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                **COUNTY OF SAN FRANCISCO**          **CGC-23-604987**

| | |
|---|---|
| 13 JONATHAN FARIDIAN, individually and on behalf of all others similarly situated, | Case No.: |
| 14 | |
| 15                              *Plaintiff,* | **CLASS ACTION COMPLAINT FOR:** |
| 16             *v.* | **(1) Violation of Cal. Bus. & Prof. Code § 17200** |
| 17 DONOTPAY, INC., a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| 18                              *Defendant.* | |

19

20      **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

21          Plaintiff Jonathan Faridian brings this Class Action Complaint and Demand for Jury Trial

22 against Defendant DoNotPay, Inc. ("DoNotPay") to stop the "world's first robot lawyer" from

23 continuing to engage in the unauthorized practice of law. Plaintiff, for this Class Action

24 Complaint, alleges as follows upon personal knowledge of himself and his own acts and

25 experiences and, as to all other matters, upon information and belief.

26

27

28

**NATURE OF THE ACTION**

1.      Defendant DoNotPay claims to be the "world's first robot lawyer" that can help people with a range of legal issues, from drafting powers of attorney, to creating divorce settlement agreements, or filing suit in small claims court.

2.      Unfortunately for its customers, DoNotPay is not actually a robot, a lawyer, nor a law firm. DoNotPay does not have a law degree, is not barred in any jurisdiction, and is not supervised by any lawyer.

3.      DoNotPay is merely a website with a repository of—unfortunately, substandard—legal documents that at best fills in a legal adlib based on information input by customers.

4.      This is precisely why the practice of law is regulated in every state in the nation. Individuals seeking legal services most often do not fully understand the law or the implications of the legal documents or processes that they are looking to DoNotPay for help with.

5.      In California, practicing law without a license is prohibited by the State Bar Act, Cal. Bus. and Prof. Code §§ 6125, *et seq*., which prohibits persons from holding themselves out as lawyers in California or practicing law in the state of California while not being admitted to the California bar (or otherwise authorized to practice).

6.      Despite this prohibition, DoNotPay's Robot Lawyer provided and continues to provide unauthorized legal services to thousands of customers throughout the country.

7.      Accordingly, this Complaint seeks an Order: (i) declaring that Defendant's conduct is unlawful; (ii) requiring Defendant to cease the unlawful activities discussed herein; and (iii) awarding damages to Plaintiff and the proposed Class.

**PARTIES**

8.      Plaintiff Jonathan Faridian is a natural person and a resident of Yolo County, California.

9.      Defendant DoNotPay, Inc., is a corporation organized under the laws of the state of Delaware with a principal place of business in San Francisco, California.

**JURISDICTION AND VENUE**

10.    This Court has jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution because this case is a cause not given by statute to other trial courts.

11.    This Court has personal jurisdiction over Defendant because it conducts business in this State, and the conduct alleged in this Complaint occurred in, and/or emanated from, this State.

12.    Venue is proper in this Court because the conduct at issue occurred in, and/or emanated, at least in part, from this County.

**FACTUAL BACKGROUND**

**I.    The Unlawful Practice of Law in California.**

13.    The California Legislature passed the State Bar Act in 1927 in order to regulate the practice of law.

14.    The State Bar Act sets baseline standards for attorneys in the state in order to protect California residents from being harmed by unskilled or unscrupulous laymen passing themselves off as *bona fide* practitioners.

15.    Among the requirements set forth by the Legislature is being licensed or authorized to practice law in the State of California. Absent such licensure or authorization, engaging in the practice of law or holding oneself out as a licensed practitioner in the State of California is unlawful.

**II.    DoNotPay Holds Itself Out as the "World's First Robot Lawyer" But is Not Actually a Lawyer or Law Firm.**

16.    DoNotPay operates an AI-powered chatbot that uses natural language processing and machine learning algorithms to provide legal advice and assistance to users through its website, DoNotPay.com.

17.    DoNotPay was founded in 2015—by Joshua Browder, a British-American entrepreneur and software developer—initially as a tool to help people fight parking tickets.

18.     But DoNotPay has since expanded its services to cover a range of legal issues, such as filing small claims lawsuits, disputing property taxes, and even helping people access government services like unemployment benefits.

19.     DoNotPay does not minimize its claims: it heavily advertises itself as "The World's First Robot Lawyer." (*See* Figure 1, showing a screenshot from DoNotPay's website.)



# The World's First Robot Lawyer

The DoNotPay app is the home of the world's first robot lawyer. Fight corporations, beat bureaucracy and sue anyone at the press of a button.

(**Figure 1.**)

20.     Throughout its website and marketing materials, DoNotPay offers customers the ability to purportedly hire a lawyer at the click of a button to handle a variety of legal matters. (*See* Figures 2-4, showing screenshots from DoNotPay's website.)



# Defamation Demand Letters

Solve This Problem For Me

(**Figure 2.**)



(Figure 3.)



(Figure 4.)

21.    DoNotPay's marketing has worked. In one example, Browder boasted on Twitter that DoNotPay was hired to "initiate[] over 1,000 small claims lawsuits" related to a single cryptocurrency exchange. (*See* Figure 5, showing a screenshot of DoNotPay CEO's June 20, 2022 Tweet on Twitter.)



(Figure 5.)

22.    But DoNotPay is not a lawyer or law firm. Nor is its founder.

23.    Not surprisingly, DoNotPay has been publicly called out for practicing law without a license—most recently in relation to a stunt in which it sought to actively represent a client in court using AI. In response, DoNotPay's CEO deflects, blaming "greedy lawyers" for

getting in his way. (*See* Figure 6, showing a screenshot of DoNotPay's January 26, 2023 Retweet on Twitter.)



(**Figure 6.**)

24.     Sadly, DoNotPay misses the point. Providing legal services to the public, without being a lawyer or even supervised by a lawyer is reckless and dangerous. And it has real world consequences for the customers it hurts.

25.     One customer, who posted an online review, used DoNotPay's legal services to dispute two parking tickets. According to his account, his fines actually increased because DoNotPay failed to respond to the ticket summons. The customer then cancelled his account, but DoNotPay continued to charge a subscription fee.

26.     DoNotPay's service then reversed another customer's arguments in her parking ticket dispute. Where she had intended to argue she was not at fault, DoNotPay's services instead admitted fault, and the customer had to pay a resulting $114 fine.

27.     After backpedaling on his plan to have DoNotPay "appear" in court via an earpiece in its client's ear, Browder issued a kind of *mea culpa*—coupled with a product teaser—on Twitter on January 25, 2023. In his thread, Browder described "non-consumer legal rights

products" like "defamation demand letters" and "divorce agreements" as "a distraction" and stated that they would be removed from DoNotPay "effective immediately."

28.     As of the time of writing, DoNotPay's website still refers to itself as the "World's First Robot Lawyer" and continues to offer these legal products to the public, casting doubt on its intention to stop masquerading as a licensed practitioner.

## FACTS SPECIFIC TO PLAINTIFF FARIDIAN

29.     Plaintiff Faridian was a client of DoNotPay until January 2023.

30.     Plaintiff Faridian used DoNotPay to perform a variety of legal services. For example, Faridian used DoNotPay to draft demand letters, an independent contractor agreement, a small claims court filing, two LLC operating agreements, and an Equal Employment Opportunity Commission job discrimination complaint.

31.     Plaintiff Faridian believed he was purchasing legal documents and services that would be fit for use from a lawyer that was competent to provide them. Unfortunately, Faridian did not receive that.

32.     The services DoNotPay provided to Faridian were not provided by a law firm, lawyer, or by a person supervised by a lawyer or firm.

33.     The services DoNotPay provided Faridian were substandard and poorly done.

34.     For example, the demand letters DoNotPay drafted for him, and which were to be delivered to the opposing party, never even made it to his intended recipient. Rather, the letters were ultimately returned undelivered to Faridian's home. Upon opening one of the letters, Faridian found it to be an otherwise-blank piece of paper with his name printed on it. As a result of this delay, his claims may be time-barred.

35.     Other documents Faridian purchased from DoNotPay were so poorly or inaccurately drafted that he could not even use them. For example, Faridian requested an agency agreement for an online marketing business he wished to start. Upon reviewing the agency agreement drafted by DoNotPay, he noted that the language did not seem to apply to his

business. Even the names of relevant parties were printed inaccurately. Faridian was ultimately unable to use this document in his business project. In the end, Faridian would not have paid to use DoNotPay's services had he known that DoNotPay was not actually a lawyer.

**CLASS ALLEGATIONS**

36.   **Class Definition**: Plaintiff Faridian brings this action on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All residents of the State of California who purchased subscriptions to DoNotPay.com.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37.   **Ascertainability and Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, there are thousands of people in the Class, making joinder of each individual member impracticable. Additionally, the Class is ascertainable because its members will be easily identified through Defendant's records.

38.   **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a)   Whether DoNotPay held itself out as being licensed to practice law in the State of California; and

b)   Whether DoNotPay engaged in the unlawful practice of law in the State of

1    California.

2    39.    **Typicality**: Plaintiff's claims are typical of the claims of all the other members of

3    the Class. Plaintiff and the Class members sustained substantially similar damages as a result of

4    Defendant's uniform wrongful conduct, based upon the same interactions that were made

5    uniformly with Plaintiff and the Class.

6    40.    **Adequate Representation**: Plaintiff will fairly and adequately represent and

7    protect the interests of the Class and has retained counsel competent and experienced in complex

8    litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and

9    Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to

10   vigorously prosecuting this action on behalf of the members of the Class and have the financial

11   resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the

12   other members of the Class.

13   41.    **Superiority**: This case is also appropriate for class certification because class

14   proceedings are superior to all other available methods for the fair and efficient adjudication of

15   this controversy as joinder of all parties is impracticable. The damages suffered by the individual

16   members of the Class will likely be relatively small, especially given the burden and expense of

17   individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it

18   would be virtually impossible for the individual members of the Class to obtain effective relief

19   from Defendant's misconduct. Even if members of the Class could sustain such individual

20   litigation, it would still not be preferable to a class action, because individual litigation would

21   increase the delay and expense to all parties due to the complex legal and factual controversies

22   presented in this Complaint. By contrast, a class action presents far fewer management

23   difficulties and provides the benefits of single adjudication, economies of scale, and

24   comprehensive supervision by a single Court. Economies of time, effort, and expense will be

25   fostered, and uniformity of decisions ensured.

26

27

28

**CAUSE OF ACTION**
**Violation of Cal. Bus. & Prof. Code § 17200**
**(On Behalf of Plaintiff and the Class)**

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     The Unfair Competition Law defines unfair competition as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 of Part 3 of Division 7 of the California Business and Professional Code.

44.     In the course of conducting business in California, Defendant committed unlawful, unfair, and/or fraudulent business practices, by:

        (a)     holding itself out to be an attorney to residents of the State of California when it was not, in fact, a law firm or lawyer licensed to practice law in that jurisdiction; and

        (b)     engaging in the unlawful practice of law by selling legal services to residents of the State of California when it was not licensed to practice law in that jurisdiction.

45.     Defendant's acts and omissions as alleged herein violate obligations imposed by statute, are substantially injurious to consumers, offend public policy, and are immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

46.     Indeed, Defendant's acts and omissions alleged herein were misleading and/or likely to deceive the consuming public.

47.     As a result of Defendant's unlawful conduct, Plaintiff and the Class paid a subscription fee for Defendant's services. Had Plaintiff and the Class known that Defendant's conduct was unlawful, they would not have paid the asking price for Defendant's services at all or would have paid less.

48.     Pursuant to Section 17203, Plaintiff and the Class members are entitled to

1  restitution of all amounts paid to Defendant in connection with its unlawful provision of
2  unlicensed legal services.

3      49.    Unless enjoined and restrained by this Court, Defendant will continue to commit
4  the violations alleged herein. Pursuant to Section 17203, on behalf of the Class and for the
5  benefit of the general public of the State of California, Plaintiff seeks an injunction prohibiting
6  Defendant from continuing its unlawful practices as alleged herein.

7                              **PRAYER FOR RELIEF**

8      WHEREFORE, Plaintiff Jonathan Faridian, on behalf of himself and the Class,
9  respectfully requests that the Court enter an Order:

10     A.     Certifying this case as a class action on behalf of the Class defined above,
11  appointing Plaintiff Faridian as representative of the Class, and appointing his counsel as Class
12  Counsel;

13     B.     Declaring that Defendant's actions, as set out above, violate Cal. Bus. & Prof.
14  Code § 17200;

15     C.     Awarding restitution of all amounts Plaintiff and the Class paid to Defendant for
16  its services.

17     D.     Awarding injunctive and other equitable relief as is necessary to protect the
18  interests of the Class;

19     E.     Awarding Plaintiff and the Class their reasonable litigation expenses and
20  attorneys' fees under Code of Civil Procedure Section 1021.5;

21     F.     Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent
22  allowable; and

23     G.     Awarding such other and further relief as equity and justice may require.

24

25                                **JURY TRIAL**

26     Plaintiff Jonathan Faridian demands a trial by jury for all issues so triable.

27

28

CLASS ACTION COMPLAINT                    11

Respectfully submitted,

**JONATHAN FARIDIAN**, individually and on behalf of all others similarly situated,

Dated: March 3, 2023               By: _____

One of Plaintiff's Attorneys

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Jay Edelson (*pro hac vice* to be sought)
jedelson@edelson.com
J. Eli Wade-Scott (*pro hac vice* to be sought)
ewadescott@edelson.com
Emily Penkowski (*pro hac vice* to be sought)
epenkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

1

**PROOF OF SERVICE**

2          I, Austin Prather, declare as follows:

3          I am employed with the law firm of Edelson PC, whose address is 150 California Street,

4    18th Floor, San Francisco, California 94111. I am over the age of eighteen years and not a party

5    to this action. On March 22, 2023, I served the following documents by the method indicated

6    below on the parties listed on the attached service list:

7          **PLAINTIFF'S APPLICATION FOR COMPLEX DESIGNATION; EXHIBIT A;**
                                **EXHIBIT B**
8

9          **[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR COMPLEX**
                                **DESIGNATION**

10
          [X] (BY EMAIL). I caused a copy of the document(s) to be sent from e-mail address
11    aprather@edelson.com to the persons at the email addresses listed in the Service List. I did not
     receive, within a reasonable time after the transmission, any electronic message or other
12    indication that the transmission was unsuccessful.
          [ ] (BY FIRST CLASS MAIL). I placed true copies thereof in sealed envelopes,
13    addressed as shown above, for collection and mailing pursuant to the ordinary business practice
     of this office which is that correspondence for mailing is collected and deposited with the United
14    States Postal Service on the same day in the ordinary course of business.
          [ ] (BY HAND DELIVERY). I hereby certify that on this day, I caused the foregoing
15    documents to be served via messenger service.

16          I declare under penalty of perjury under the laws of the State of California that the

17    foregoing is true and correct and that this proof of service was executed on March 22, 2023 at

18    San Francisco, California.

19

20

21                                                        Austin Prather

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

3   DALE BISH, State Bar No. 235390                        **VIA EMAIL**
    ALLIE R. FELLOWS, State Bar No. 346701
4   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
5   650 Page Mill Road
    Palo Alto, CA 94304-1050
6   Telephone:   (650) 493-9300
    Facsimile:   (866) 974-7329
7   Email:        dbish@wsgr.com
                  afellows@wsgr.com
8

9   ELI B. RICHLIN, NY State Bar No. 4861357 (*pro hac vice forthcoming*)
    PAUL C. GROSS, NY State Bar No. 5615687 (*pro hac vice forthcoming*)
10  WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
11  1301 Avenue of the Americas, 40th Floor,
    New York, NY 10019
12  Telephone:   (212) 999-5800
    Email:        erichlin@wsgr.com
13                pgross@wsgr.com

14

15  Attorneys for Defendant
    DoNotPay, Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 3



Colorado Secretary of State
Date and Time: 03/17/2023 09:23 PM
ID Number: 20231294924

Document number: 20231294924
Amount Paid: $100.00

Document must be filed electronically.
Paper documents are not accepted.
Fees & forms are subject to change.
For more information or to print copies
of filed documents, visit www.coloradosos.gov.

ABOVE SPACE FOR OFFICE USE ONLY

## Statement of Foreign Entity Authority
filed pursuant to § 7-90-803 of the Colorado Revised Statutes (C.R.S.)

1. The entity ID number, the entity name, and the true name, if different, are

Entity ID number     20231294924
*(Colorado Secretary of State ID number)*

Entity name     DoNotPay, Inc

True name     
(if different from the entity name)

2. The form of entity and the jurisdiction under the law of which the entity is formed are

Form of entity     Foreign Corporation

Jurisdiction     Delaware

3. The principal office address of the entity's principal office is

Street address     691 Pfister Drive
*(Street number and name)*

Aspen          CO     81611
*(City)          (State)     (ZIP/Postal Code)*

United States
*(Province – if applicable)     (Country)*

Mailing address     440 Monticello Avenue
(**leave blank** if same as street address)     *(Street number and name or Post Office Box information)*
Suite 1802 PMB 33301

Norfolk          VA     23510
*(City)          (State)     (ZIP/Postal Code)*

United States
*(Province – if applicable)     (Country)*

4. The registered agent name and registered agent address of the entity's registered agent are

Name
(if an individual)     Browder          Joshua
*(Last)          (First)          (Middle)     (Suffix)*

or

(if an entity)     

(**Caution:** Do not provide both an individual and an entity name.)

<u>Street</u> address                     691 Pfister Drive
                                        _____
                                             *(Street number and name)*

                                        _____

                                        Aspen_____  CO   81611_____
                                             *(City)*          *(State)*     *(ZIP Code)*

<u>Mailing</u> address                    691 Pfister Drive
(**leave blank** if same as street address)   _____
                                             *(Street number and name or Post Office Box information)*

                                        _____

                                        Aspen_____  CO   81611_____.
                                             *(City)*          *(State)*     *(ZIP Code)*

*(The following statement is adopted by marking the box.)*

☒  The person appointed as registered agent above has consented to being so appointed.

5.  The date the entity commenced or expects to commence transacting business or conducting activities in
    Colorado is  01/01/2022_____.
                 *(mm/dd/yyyy)*

6. *(If applicable, adopt the following statement by marking the box and include an attachment.)*
   ☐  This document contains additional information as provided by law.

7. *(**Caution:** <u>Leave blank</u> if the document does not have a delayed effective date.  Stating a delayed effective date has
   significant legal consequences.  Read instructions before entering a date.)*

   *(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
   The delayed effective date and, if applicable, time of this document is/are _____.
                                                                         *(mm/dd/yyyy hour:minute am/pm)*

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or
acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the
individual's act and deed, or that the individual in good faith believes the document is the act and deed of the
person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity
with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic
statutes, and that the individual in good faith believes the facts stated in the document are true and the
document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of
State, whether or not such individual is named in the document as one who has caused it to be delivered.

8. The true name and mailing address of the individual causing the document to be delivered for filing are

                         Browder_____  Joshua_____  _____  _____
                              *(Last)*              *(First)*      *(Middle)*      *(Suffix)*
                         440 Monticello Avenue
                         _____
                              *(Street number and name or Post Office Box information)*
                         Suite 1802 PMB 33301
                         _____
                         Norfolk_____  VA   23510_____
                              *(City)*           *(State)*   *(ZIP/Postal Code)*
                         _____  United States .
                              *(Province – if applicable)*    *(Country)*

    *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
    ☐  This document contains the true name and mailing address of one or more additional individuals
       causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty.  While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet.  Questions should be addressed to the user's legal, business or tax advisor(s).

EXHIBIT 4

# MERCURY

Search for transactions, accounts, pages, payees ...

## Settings ✕

**Company**

**Company Profile**

Controls

Integrations

API Tokens

Vault

Team

**Personal**

My Profile

Notifications

Security

D **DoNotPay Inc**

| | |
|---|---|
| Legal name | DoNotPay Inc |
| Doing business as (DBA) ⓘ | DoNotPay Inc |
| Federal EIN ⓘ | •••••••••• |

**Company name**
This is the name that appears on Mercury.

DoNotPay Inc
Edit ›

**Phone number**

+1 (702) 427-04...
Edit ›

**Company mailing address**
We'll send physical debit cards and surprise gifts to this address.

440 Monticello A...
Suite 1802 PMB
Norfolk, VA 235...
United States
Edit ›

**Company legal address**
This is the billing address for your cards and will appear on bank documents.

691 Pfister Drive
Aspen, CO 8161...
United States
Edit ›

**Company card name**
This is the company name that will be printed on all physical cards.



D **DoNotPay Inc**
Joshua ˄