Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
Edelson PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Jay Edelson (*pro hac vice* forthcoming)
jedelson@edelson.com
J. Eli Wade-Scott (*pro hac vice* forthcoming)
ewadescott@edelson.com
Emily Penkowski (*pro hac vice* forthcoming)
epenkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the proposed class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| JONATHAN FARIDIAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>DONOTPAY, INC., a Delaware corporation,<br><br>*Defendant*. | Case No.: 4:23-cv-01692-DMR<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>Date: May 25, 2023<br>Time: 1:00 PM<br>Judge: Donna M. Ryu<br>Courtroom: 4, 3rd Floor |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on May 25, 2023, at 1:00 p.m., or at such other time as may be set by the Court, Plaintiff Jonathan Faridian will appear, through counsel, before the Honorable Donna M. Ryu or any Judge sitting in her stead, in Courtroom 4, 3rd Floor, 1301 Clay Street, Oakland, CA 94612 and then and there, respectfully move the Court for leave to conduct jurisdictional discovery.

Plaintiff's motion is based upon this Notice, the Memorandum of Points and Authorities filed herewith, and the record in this matter, along with any oral argument that may be presented to the Court and evidence submitted in connection therewith.

Respectfully submitted,

**JONATHAN FARIDIAN**, individually and on behalf of all others similarly situated,

Dated: April 17, 2023                By: */s/ Rafey Balabanian*

Rafey Balabanian SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Jay Edelson (*pro hac vice* to be sought)
jedelson@edelson.com
J. Eli Wade-Scott (*pro hac vice* to be sought)
ewadescott@edelson.com
Emily Penkowski (*pro hac vice* to be sought)
epenkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Defendant DoNotPay, Inc., has removed this case to federal court while carefully avoiding divulging any facts that would actually substantiate federal jurisdiction. Its Notice of Removal ("Notice") makes leaps, not calculations, to justify jurisdiction, but those leaps demand further scrutiny. Plaintiff accordingly requests limited jurisdictional discovery into DoNotPay's factual bases for removal, which rely entirely upon information in DoNotPay's possession.

DoNotPay's most facially flawed argument is that diversity jurisdiction exists, but it contradicts blackletter law by allocating the entire class's relief to the named Plaintiff in order to reach $75,000 in controversy. DoNotPay does not even try to establish that the named Plaintiff has $75,000 in damages, let alone that each and every member of the class suffered $75,000 in damages. Second, DoNotPay attempts to reach CAFA's five-million-dollar amount in controversy, invoking the cost of injunctive relief to do so. But DoNotPay's founder announced it was already deprecating legal functions of the service "effective immediately" (though whether he did so is unclear), so those costs should be zero or, at least, the subject of further inquiry. Third, even DoNotPay's alleged principal place of business is a moving target—it's apparently been based in California, New York, and now Colorado, according to its own website, terms of service, and public statements. Nothing supports that Colorado became the "nerve center" of the company before this case was filed. As the removing party, it was DoNotPay's responsibility to find proper support for its assertion of federal jurisdiction *before* removing to federal court, and all the information needed is in Defendant's possession. Plaintiff must be allowed to explore that.

It is appropriate for a Court to order jurisdictional discovery when, as here, the Court does not have sufficient information to ascertain whether it has jurisdiction. DoNotPay's assertions of amount-in-controversy are first wrong, and besides, inadequate. Jurisdictional discovery is therefore appropriate. *Dart Cherokee Basic Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (courts have discretion to order jurisdictional discovery). A narrow deposition of DoNotPay founder and CEO Joshua Browder would answer these questions and may allow the Court to sidestep remand litigation entirely.

The Court should grant Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery and order a limited deposition of Mr. Browder.

# ARGUMENT

## I. DONOTPAY IMPROPERLY AGGREGATES RELIEF ACROSS THE CLASS TO CLAIM $75,000 IN CONTROVERSY.

DoNotPay bases its arguments in support of federal jurisdiction on first the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and then, alternatively, diversity jurisdiction under 28 U.S.C. § 1332(a). Notice ¶¶ 4-19. Both these arguments consist of rote statements of law, without any facts or analysis explaining how they apply to the case, but the latter fundamentally misapplies the law on aggregation and apportionment of requested relief. [1]

Section 1332(a) permits federal jurisdiction over a matter between diverse parties "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." DoNotPay makes no effort to allege that the Plaintiff has $75,000 in damages, and DoNotPay can't aggregate the entire class's relief to meet the diversity threshold—an individual plaintiff's own claim (or portion of classwide relief) must be valued at $75,000. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (plaintiff's "individual interest" must reach $75,000). DoNotPay's Notice does not meet any of these requirements, simply stating that damages in the aggregate are over $75,000: "Plaintiff's Complaint alleges DoNotPay violated California Business and Professions Code Section 17200 and seeks restitution damages for all amounts paid to Defendant for its services, injunctive and other equitable relief, as well as litigation expenses. . . . Therefore, the amount at issue exceeds the jurisdictional minimum of this Court." Notice ¶ 15.

DoNotPay cannot assign the entirety of the requested restitution, fees, and injunctive relief for the entire class to Plaintiff Faridian in order to assert diversity jurisdiction. Plaintiff seeks restitution to individual class members of the amount each paid, not a mass and undivided disgorgement of all its profits. Compl. ¶¶ 47-48. Claims from separate plaintiffs can only be aggregated where based on "a single title or right in which [plaintiffs] have a common and undivided interest." *Urbino*, 726 F.3d at 1122 (quoting *Snyder v. Harris,* 394 U.S. 332, 335 (1969)). Attorneys'

---

[1] Though Plaintiff does not currently intend to seek sanctions under Rule 11 for Defendant's failure to base their contentions in either existing law or nonfrivolous arguments, Counsel for the Plaintiff emailed Defendant's Counsel to correct the legally insufficient contentions in their Notice of Removal. As of the date of this filing, they have not removed these.

fees and injunctive relief must also be apportioned among the class. *See Taylor v. Interstate Grp., LLC*, No. 15-CV-05462-YGR, 2016 WL 861020, at *8 (N.D. Cal. Mar. 7, 2016) ("The fundamental problem with all of Defendant's estimates is that attorney's fees must be apportioned among potential class members for jurisdictional purposes."). To the extent that this relief adds anything to the amount in controversy, the amount is not enough to raise Plaintiff Faridian's portion of requested relief anywhere near $75,000. *See, infra,* Section II. Assuming so would require assuming that each class member's portion is valued at or near $75,000, which would place total relief at $150 million even for a class of only 2,000. This does not pass the plausibility test. *Dart Cherokee*, 135 S. Ct. at 554.

## II. AS TO DEFENDANT'S OTHER BASES FOR JURISDICTION, JURISDICTIONAL DISCOVERY IS NECESSARY.

DoNotPay's Notice of Removal needed to make "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. Here's what it says instead: "Given the numerosity of potential Class members, the effect of injunctive relief on DoNotPay's business, and the potential legal costs at issue, it is 'reasonable' to conclude Plaintiff's allegations establish an amount in controversy in excess of $5 million," citing *Salonga v. Aegis Senior Communities, LLC*, No. 22-CV-00525-LB, 2022 WL 1439914, at *2 (N.D. Cal. May 6, 2022) (removing party can depend on a "'chain of reasoning' to prove amount-in-controversy by a preponderance of the evidence). DoNotPay does not actually support that this assumption is reasonable. It says the words numerosity, legal costs, and injunctive relief, but does not divulge any information (which only it knows) to explain how these can add up to five million dollars. DoNotPay does not say how many people are in the class, let alone how much money is at issue. In the absence of anything establishing reasonableness, jurisdictional discovery is appropriate. *Dart Cherokee*, 135 S. Ct. at 554; *Admiral Ins. Co. v. Aspen Ins. UK Ltd.*, No. 17CV0703-AJB-WVG, 2017 WL 6945090, at *1 (S.D. Cal. June 16, 2017) ("limited jurisdictional discovery" appropriate where the "matter in dispute, the amount in controversy, concerns information" that can be revealed with narrow discovery); *Morris v. Camden Dev., Inc.*, No. CV 18-3089-GW(FFMX), 2018 WL 4156593, at *2 (C.D. Cal. Aug. 27, 2018) (defendant must produce payroll records and data used to

calculate amount in controversy).

DoNotPay's allegations as to the amount in controversy are bare-bones. But what detail exists does not add up. *See Nelda Sanchez v. Vanderlande Indus., Inc., et al.*, No. CV 23-531-JFW(MAAX), 2023 WL 2862288, at *3 (C.D. Cal. Apr. 10, 2023) (noting "a defendant may not pull assumptions from thin air or establish removal jurisdiction by mere speculation and conjecture"); *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020) (defendant failed to carry its burden because its calculations relied upon "unreasonable" assumptions). The amount in controversy is "determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint...." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 791 (9th Cir. 2018) *quoting Chavez v. JPMorgan Chase & Co.*, 888 F.3d 414-15 (9th Cir. 2018). Defendant does not specify how many users make up the class, other than to rely on Plaintiff's allegation that there were "thousands." But the class consists of California-based users, and the amount in controversy is all money paid by the class of plaintiffs to DoNotPay—which does not, on its face, appear to meet the jurisdictional threshold (discussed below). To the extent DoNotPay is aware of information that actually substantiates the amount in controversy, that should be the subject of limited discovery.

To look at the numbers: DoNotPay touted initially that its services cost three dollars each month, though prices later increased. They launched legal services in all fifty states in July 2017[2], a total of 68 months before this action was filed in March 2023. Assuming, for the sake of argument,

---

[2]   Shannon Liao, *'World's first robot lawyer' now available in all 50 states*, The Verge (July 12, 2017), https://www.theverge.com/2017/7/12/15960080/chatbot-ai-legal-donotpay-us-uk.

that all users were subscribed for all 68 months, each would have paid $381.[3] DoNotPay relies on the Complaint's allegation that thousands of users in California used this service, a reasonable estimate based on the limited information available to Plaintiff. But, even relying on this assumption (which DoNotPay need not do), a class of two thousand users who used the service from its inception would be entitled to well under $1,000,000 in restitution—a far cry from what CAFA requires. Even 9,000 users would have spent less than $3,500,000. These estimates are so far below what Defendant alleges that discovery is appropriate to determine whether this Court may have jurisdiction.

Refusing to substantiate the amount in controversy on damages alone, DoNotPay also gestures at injunctive relief. But its Notice remains insufficient, because an injunction could have cost DoNotPay nothing—they claim to have already stopped offering legal services. Compl. ¶ 27; *Bronner v. Duggan*, 364 F. Supp. 3d 9, 22 (D.D.C. 2019), *aff'd sub nom. Bronner on Behalf of Am. Stud. Ass'n v. Duggan*, 962 F.3d 596 (D.C. Cir. 2020) (where "there is no indication" that complying with injunctive relief would cost a defendant "any money to implement," it adds no value to the amount in controversy.). When evaluating the value of injunctive relief to calculate the amount-in-controversy, courts in the Ninth Circuit can look at the value of either what a plaintiff would receive from the injunction, or what the defendant would give up. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) ("'Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce.'" (quoting *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir.

---

[3] It is difficult to ascertain when DoNotPay first raised its prices to twelve dollars per month, though this seemed to be between late-2020 and mid-2021. It also appears to have briefly raised prices to eighteen dollars per month, but since returned to twelve dollars per month. Based on the cited articles, our calculations have assumed that DoNotPay began charging twelve dollars per hour in September 2021, and charged eighteen dollars per hour only for February 2023, before returning to twelve dollars per hour. Lily Hay Newman, *DoNotPay Unsubscribes You From Spam—and Tries to Get You Paid*, Wired (July 9, 2020), https://www.wired.com/story/donotpay-unsubscribe-spam-class-action; Greg Kumparak, *DoNotPay's 'Robot Lawyer' Can Now Help Report Potholes or Fallen Trees to the City, File Damage Claims*, TechCrunch (Sept. 9, 2021), https://techcrunch.com/2021/09/09/donotpays-robot-lawyer-can-now-help-report-potholes-or-fallen-trees-to-the-city-file-damage-claims/; Mike Masnick, *DoNotPay Promotes Itself As Helping You Get Out Of Subscription But Keeps Charging Customers After Telling Them Their Own Accounts Are Closed*, TechDirt (Feb. 1, 2023), https://www.techdirt.com/2023/02/01/donotpay-promotes-itself-as-helping-you-get-out-of-subscriptions-but-keeps-charging-customers-after-telling-them-their-own-accounts-are-closed.

2001))). Plaintiff and the class would receive value from Defendant ceasing its unlawful practice of law, but it is hard to substantiate as a monetary matter—and Defendant makes no effort to calculate that. DoNotPay must be depending on the cost to them of removing their legal services. Compl. ¶ 23. But Mr. Browder already declared these legal services were a "distraction" from DoNotPay's main business of consumer refunds and would be removed "effective immediately" in January 2023—before this case was filed—though it is unclear whether DoNotPay ever followed through. *Id.* ¶ 27. A deposition of Mr. Browder could easily reveal the truth of this public pronouncement. If true, the costs that DoNotPay apparently depends on could not be added to the amount in controversy.

Further, DoNotPay's claimed diversity jurisdiction rests on the claim that its principal place of business is not, in fact, the San Francisco office suite whose address appeared on its Terms of Service and its website's contact page at the time suit was filed. According to its Notice, DoNotPay's principal place of business is, in fact, a six-bedroom, seven-and-a-half bath home on a golf course in Aspen, Colorado. Notice ¶ 8; Redfin, 691 Pfister Dr., Aspen CO 81611, https://www.redfin.com/CO/Aspen/691-Pfister-Dr-81611/home/132019777 (last visited Apr. 12, 2023). Not to mention that the Colorado Business Registration DoNotPay includes in its Notice as evidence was actually filed March 17 of this year—two weeks after this case was filed. Ex. 3 to Notice. This, again, requires further examination—the principal place of business is the "center of overall direction, control, and coordination," not what a company says its principal place of business is. *Hertz Corp. v. Friend*, 559 U.S. 77, 94-95 (2010) (the principal place of business is the "nerve center").

Courts in the Ninth Circuit have ordered jurisdictional discovery where it may be done narrowly. *See Admiral Ins.*, 2017 WL 6945090 at *1 (narrow jurisdictional discovery appropriate and efficient); *Morris*, 2018 WL 4156593 at *2 (ordering production of payroll records and data). Because DoNotPay has fudged a number of facts, these are best addressed in a brief, targeted deposition of Defendant's founder and CEO, Joshua Browder. A deposition will allow for follow-up questions more efficiently than several rounds of interrogatories, and follow-ups are likely once Plaintiff has learned the general structure of DoNotPay's calculations. Mr. Browder is the person most likely to possess information this Court needs to determine whether jurisdiction is appropriate,

as the CEO and a public spokesperson for his company, including regarding this litigation. Plaintiff has proposed to DoNotPay that the parties agree to a brief, no more than two-hour, remote deposition of Mr. Browder, solely on issues relevant to federal jurisdiction.[4] They have refused.

## CONCLUSION

This Court should grant Plaintiff leave to conduct limited jurisdictional discovery.

Respectfully submitted,

**JONATHAN FARIDIAN**, individually and on behalf of all others similarly situated,

Dated: April 17, 2023

By: /s/ *Rafey Balabanian*
One of Plaintiff's Attorneys

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Jay Edelson (*pro hac vice* forthcoming)
jedelson@edelson.com
J. Eli Wade-Scott (*pro hac vice* forthcoming)
ewadescott@edelson.com
Emily Penkowski (*pro hac vice* forthcoming)
epenkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

---

[4] Plaintiff would reserve the right to re-depose Mr. Browder in merits discovery.