DALE BISH, State Bar No. 235390
ALLIE M. FELLOWS, State Bar No. 346701
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Email: dbish@wsgr.com
afellows@wsgr.com

ELI B. RICHLIN, NY State Bar No. 4861357 (admitted *pro hac vice*)
PAUL C. GROSS, NY State Bar No. 5615687 (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Email: erichlin@wsgr.com
pgross@wsgr.com

Attorneys for Defendant
DoNotPay, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JONATHAN FARIDIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DONOTPAY, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: 3:23-cv-01692-JD<br><br>**DEFENDANT DONOTPAY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>Date: Hearing originally noticed for May 25, 2023; hearing date vacated on April 21, 2023. *See* ECF No. 22.<br>Time: 10:00 a.m.<br>Judge: Hon. James Donato<br>Courtroom: 11, 19th Floor<br><br>Date Action Filed: March 3, 2023<br>Date of Removal: April 7, 2023 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..........................................................................................................................1

FACTS ..........................................................................................................................................2

    DNP Removes this Action ................................................................................................2

    Following Removal, Plaintiff's Counsel Immediately Pursues an Early
    Deposition of Mr. Browder ...............................................................................................3

    The Motion ........................................................................................................................4

    DNP Attempts to Meet and Confer; Makes an Information Proffer .................................4

    DNP Submits this Opposition; Remains Willing to Negotiate .........................................5

LEGAL STANDARD ...................................................................................................................5

ARGUMENT .................................................................................................................................6

I.    THE REQUEST FOR MR. BROWDER'S DEPOSITION SHOULD BE DENIED .........6

    In Fact, Further Jurisdictional Discovery is Unwarranted ................................................8

        The Notice of Removal Establishes Jurisdiction Under the Class
        Action Fairness Act ("CAFA") ............................................................................8

        The Notice of Removal Establishes "Diversity" Jurisdiction ...............................9

CONCLUSION ..............................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abrego Abrego v. The Dow Chem. Co.*,
 443 F.3d 676 (9th Cir. 2006) ........................................................................................... 5

*Admiral Ins. Co. v. Aspen Ins. UK Ltd.*,
 No. 17cv0703-AJB-WVG,
 2017 WL 6945090 (S.D. Cal. June 16, 2017) .................................................................. 6

*Affinity Labs of Tex. v. Apple, Inc.*,
 No. C 09-4436 CW (JL),
 2011 WL 1753982 (N.D. Cal. May 9, 2011) ........................................................... 1, 6, 7

*Arias v. Residence Inn by Marriott*,
 936 F.3d 920 (9th Cir. 2019) ........................................................................................... 8

*Burri L. PA v. Skurla*,
 35 F.4th 1207 (9th Cir. 2022) .................................................................................. 1, 5, 8

*Celerity, Inc. v. Ultra Clean Holding, Inc.*,
 No. C 05-4374 MMC (JL),
 2007 WL 205067 (N.D. Cal. Jan. 25, 2007) .................................................................... 6

*Dart Cherokee Basin Operating Co. v. Owens*,
 574 U.S. 81 (2014) ....................................................................................................... 2, 8

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
 545 U.S. 546 (2005) ......................................................................................................... 2

*Gau v. Hillstone Rest. Grp., Inc.*,
 No. 20-cv-08250-SVK,
 2021 WL 754536 (N.D. Cal. Feb. 26, 2021) ................................................................ 5, 8

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
 No. M 07-1827 SI,
 2011 WL 10967617 (N.D. Cal. Aug. 1, 2011) ................................................................ 6

*Mehmet v. PayPal, Inc.*,
 No. 5:08 CV 1961,
 2009 WL 921637 (N.D. Cal. Apr. 3, 2009) ..................................................................... 6

*Morris v. Camden Dev., Inc.*,
 No. CV 18-3089-GW,
 2018 WL 4156593 (C.D. Cal. Aug. 27, 2018) ................................................................ 6

*Salonga v. Aegis Senior Communities, LLC*,
 No. 22-cv-00525-LB,
 2022 WL 1439914 (N.D. Cal. May 6, 2022) ................................................................... 8

**STATUTES**

28 U.S.C. § 1332, Class Action Fairness Act ..............................................................................*passim*

28 U.S.C. § 1446(c)(2)(B)................................................................................................................ 2

**OTHER AUTHORITIES**

S. Rep. No. 109-14, 44 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 42...................................... 5

**INTRODUCTION**

Plaintiff seeks an early deposition of non-party Joshua Browder, the CEO of Defendant DoNotPay, Inc. ("DNP"), but cannot demonstrate why that specific and extraordinary relief is necessary or appropriate. Indeed, even if Plaintiff were entitled to limited discovery in service of a potential remand motion – which DNP does not concede – there is no articulated or actual basis for why a deposition of the Defendant's chief executive is the only method, or even the *best* method, of obtaining such discovery. Plaintiff's application should be denied.

*First*, Plaintiff has not come close to demonstrating an entitlement to a deposition of DNP's Chief Executive Officer, Mr. Browder. It is well recognized that "deposition notices directed at an official at the highest level or 'apex' of corporate management … create[] a tremendous potential for abuse or harassment." *Affinity Labs of Tex. v. Apple, Inc.*, No. C 09-4436 CW (JL), 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (citation omitted). Accordingly, "parties seeking to depose a high ranking corporate officer must first establish that the executive (1) has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Id.* Rather than explore (let alone exhaust) whether documentary evidence would suffice, Plaintiff immediately focused their efforts on deposing DNP's CEO.

*Second*, DNP's Notice of Removal, and supplemental information proffered during the parties' negotiations, adequately establishes federal jurisdiction – no additional jurisdictional discovery is needed. Jurisdictional discovery is generally "permitted 'where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Burri L. PA v. Skurla*, 35 F.4th 1207, 1217-18 (9th Cir. 2022) (citation omitted). Here, a more satisfactory showing is *not* necessary, so no further discovery is appropriate.

Simply, as Plaintiff has not *established* a right to the relief he seeks, the Court should deny the motion.

# FACTS

**DNP Removes this Action**

DNP timely removed this action from the Superior Court of California, San Francisco County on April 7, 2023. ECF No. 1. DNP's Notice of Removal states two bases for federal jurisdiction: (i) jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), (d)(5); or, *in the alternative* (ii) diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id*.

Plaintiff is correct that DNP's Notice of Removal is not overly detailed and does not set forth *every* fact that could support jurisdiction under either theory, but that is consistent with the Supreme Court's holding in *Dart Cherokee v. Owens*, providing that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

In satisfying *Dart Cherokee*'s "plausibility" standard, DNP's Notice of Removal demonstrates the following:

With respect to jurisdiction under CAFA, (i) based on Plaintiffs' own allegations, the class is sufficiently numerous – Plaintiff alleges that there are "thousands" of class members; (ii) there is the required "minimal diversity" because DNP is a citizen of Delaware and Colorado and all putative class members are citizens of California; and (iii) based on Plaintiff's allegations as to the size of the class, the demand for injunctive relief, and the potential attorneys' fees at issue, it is reasonable to conclude that the amount in controversy exceeds the $5 million jurisdictional threshold. ECF No. 1 at 2-4.

In the alternative, with respect to "diversity" jurisdiction pursuant to 28 U.S.C. § 1332, (i) diversity of citizenship exists as Plaintiff is a citizen of California and DNP is a citizen of Delaware and Colorado; and (ii) the *named* Plaintiff could plausibly recover $75,000 or more given the allegations in his Complaint and the several forms of relief requested. *See Exxon*

*Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (amount in controversy requirement for federal jurisdiction under 28 U.S.C. § 1332 is satisfied where "at least one named plaintiff in the action satisfies the amount-in-controversy requirement").

Finally, because the Complaint in this action contains an outdated allegation that DNP's principal place of business is in California and not Colorado, DNP (although not required to do so) submitted documentary evidence correcting that allegation, including a sworn statement filed with the Colorado Secretary of State indicating that DNP has been transacting its business there since January 2022, over a year before this case was initiated. *See* Fellows Removal Decl. Ex. 3, ECF No. 1-1 at 52-55.

**Following Removal, Plaintiff's Counsel Immediately Pursues an Early Deposition of Mr. Browder**

Since this action was removed, and notwithstanding the facts already set forth in the Notice of Removal, Plaintiff's counsel immediately asked to depose Mr. Browder (by name), and has thereafter demonstrated disinterest in obtaining the relevant information from any other source.

First, following removal of this action, on April 10, 2023, Plaintiff's counsel asked DNP's counsel to make Mr. Browder available for a deposition limited solely to the removal issues but did not state a legal basis to justify that request. In doing so, Plaintiff's counsel conceded that Defendant might be able to establish federal jurisdiction under CAFA. Defendant's counsel responded on April 12, declining to produce Mr. Browder for a deposition at this time. On April 17, in response to a follow-up request from Plaintiff's counsel – to help avoid a needless dispute – DNP provided additional information supporting the "plausible" claim that there is more than $75,000 in controversy.

Rather than attempt to meet and confer, or obtain *any* discovery alternative to a deposition of Mr. Browder, Plaintiff's counsel filed this motion.[1] The motion insists that the

---

[1] Plaintiff wrongly asserts in its brief that, at some unidentified date and time, "Counsel for the Plaintiff emailed Defendant's Counsel to correct the legally insufficient contentions in their Notice of Removal." Mot. at 2 n.1. This is untrue; it simply never happened.

Court should order Mr. Browder to appear for a deposition rather than seek alternative discovery that may sufficiently answer outstanding questions regarding federal jurisdiction.

**The Motion**

Plaintiff argues that the Court should order jurisdictional discovery because the Notice of Removal does not establish federal jurisdiction. In particular, Plaintiff argues that based on its invented calculations, the relevant amount-in-controversy requirements are unlikely to be satisfied. Plaintiff also expresses skepticism of DNP's Colorado citizenship, noting that DNP's business address appears to be a private residence, but offers no explanation for why that means it cannot be DNP's principal place of business, especially given the realities of a start-up technology company operating in today's age of remote work.

In specific support of its demand for a deposition of Defendant's CEO, Plaintiff makes unsubstantiated and/or disparaging assertions, including that "DoNotPay has fudged a number of facts" (even though such facts are not identified, nor could they be) and that "Mr. Browder is the person most likely to possess information this Court needs" to assess jurisdiction. Mot. at 6-7.

**DNP Attempts to Meet and Confer; Makes an Information Proffer**

DNP was actively engaged in discussions regarding jurisdictional discovery when this motion was filed. To avoid unnecessary motion practice, DNP's counsel once again offered to confer with Plaintiff's counsel and provide further information to establish jurisdiction. For example, DNP provided Plaintiff's counsel an information proffer demonstrating that, even under quite conservative assumptions tied to Plaintiff's allegations, the amount in controversy here would exceed CAFA's jurisdictional threshold. DNP also offered, if necessary, to provide a sworn declaration from a senior employee confirming the facts stated in the proffer.

In response, Plaintiff's counsel remained fixated on deposing Mr. Browder and claimed (without substantiation) that Mr. Browder is the only person who can testify as to jurisdictional facts.

**DNP Submits this Opposition; Remains Willing to Negotiate[2]**

DNP remains willing to conduct a good faith search for and provide additional information in the hopes that the parties can resolve this discovery dispute with something short of an unnecessary and disfavored deposition of its CEO. Still, to preserve its rights and prevent undue intrusion into its corporate affairs, DNP submits this opposition to Plaintiff's motion.

## LEGAL STANDARD

The decision to grant or deny an application for post-removal discovery "is a discretionary one, and is governed by existing principles … including the disinclination to entertain substantial, burdensome discovery on jurisdictional issues." *Gau v. Hillstone Rest. Grp., Inc.*, No. 20-cv-08250-SVK, 2021 WL 754536, at *8 (N.D. Cal. Feb. 26, 2021) (quoting *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 692 (9th Cir. 2006)). Typically, jurisdictional discovery is "permitted 'where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Burri L. PA*, 35 F.4th at 1217-18 (citation omitted).

And, with respect to CAFA in particular, Congress has made clear that burdensome jurisdictional discovery is disfavored: "the Committee cautions that … jurisdictional determinations should be made largely on the basis of readily available information. Allowing substantial, burdensome discovery on jurisdictional issues would be contrary to the intent of these provisions to encourage the exercise of federal jurisdiction over class actions." S. Rep. No. 109-14, 44 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 42.

---

[2] DNP notes that Plaintiff filed this Motion before this matter was re-assigned to this Court. *See* ECF Nos. 18, 22. DNP, further, is mindful of this Court's rules concerning discovery disputes—as set forth in this Court's Standing Order for Discovery in Civil Cases (the "Standing Order")—including the requirement that a party opposing discovery related relief await instruction from the Court before submitting a response. Standing Order at ¶ 20. However, as Plaintiff has not resubmitted this motion in accordance with the Standing Order, DNP respectfully submits this opposition in an effort to preserve its rights and avoid unintentional waiver. To the extent this Court would prefer that the parties submit alternative filings, DNP stands ready to comply with any such order of the Court.

# ARGUMENT

## I. The Request for Mr. Browder's Deposition Should be Denied

First and foremost, Plaintiff is not entitled to his requested *type* of discovery – a deposition of DNP's CEO. Indeed, such a deposition (particularly when seeking readily obtainable facts as the amount in controversy or the "nerve center" of a business) comes with "a tremendous potential for abuse or harassment." *Affinity Labs*, 2011 WL 1753982, at *15 (citation omitted); *see also In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 10967617, at *1 (N.D. Cal. Aug. 1, 2011) ("Numerous courts have concluded that so-called 'apex depositions' should be carefully scrutinized to avoid the potential for abuse."). To curtail such abuse, "[c]ourts generally refuse to allow the immediate deposition of high-level executives" where the party seeking the deposition cannot show that such "executives possess[] 'unique personal knowledge … unavailable from less intrusive discovery, including interrogatories and the depositions of lower-level employees.'" *Affinity Labs*, 2011 WL 1753982, at *6 (quoting *Mehmet v. PayPal, Inc.*, No. 5:08 CV 1961, 2009 WL 921637, at *2 (N.D. Cal. Apr. 3, 2009) and *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 WL 205067, at *4 (N.D. Cal. Jan. 25, 2007)). Unsurprisingly, even the cases Plaintiff cites where jurisdictional discovery was ordered involved requests for discovery far less intrusive and onerous than a deposition of a business's chief executive. *See Admiral Ins. Co. v. Aspen Ins. UK Ltd.*, No. 17cv0703-AJB-WVG, 2017 WL 6945090, at *1 (S.D. Cal. June 16, 2017) (ordering limited discovery where "the matter in dispute … concerns information that can be revealed *with one interrogatory*") (emphasis added); *Morris v. Camden Dev., Inc.*, No. CV 18-3089-GW (FFMx), 2018 WL 4156593, at *2 (C.D. Cal. Aug. 27, 2018) (ordering production of payroll records and the deposition of a non-senior executive).

Applied to the instant case, what Plaintiff is ultimately seeking is information sufficient to demonstrate whether or not the total value of restitution and injunctive relief sought by the putative class exceeds CAFA's $5 million threshold as well as information regarding DNP's principal place of business. Information responsive to this inquiry might include DNP's

DONOTPAY'S OPP. TO MOT. RE LEAVE TO CONDUCT JURIS. DIS., CASE NO.: 3:23-cv-01692-JD    -6-

subscription revenue from putative class members during a defined period, potential or imputed profits from such class members, and or the cost to DNP of complying with an injunction. Other than to make the unadorned assertion that perhaps there would need to be "follow up," Plaintiff has not shown why other forms of discovery (interrogatories, document production, or a declaration from an employee with personal knowledge of such facts) would not be sufficient. Indeed, it appears that what Plaintiff's counsel *really* wants is an opportunity to depose Mr. Browder, whom Plaintiff's counsel has publicly and repeatedly attacked on social media.



Last, Plaintiff argues that because Mr. Browder is the "public spokesperson for his company, including regarding this litigation," a deposition is appropriate. Mot. at 6-7. But a CEO's public statements are also not a basis to subject such executive to an unnecessary deposition. *See Affinity Labs*, 2011 WL 1753982, at *16 ("Courts have repeatedly denied apex depositions even on a showing that the executive made public statements on relevant issues.").

In sum, Plaintiff has not demonstrated a legally recognized basis to compel the deposition of DNP's chief executive, in lieu of less burdensome and intrusive discovery mechanisms. His request for a deposition of Mr. Browder should be denied.

**In Fact, Further Jurisdictional Discovery is Unwarranted**

If anything, the Court should deny jurisdictional discovery in its entirety. As noted above, jurisdictional discovery is typically "permitted 'where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Burri L. PA*, 35 F.4th at 1217-18 (citation omitted). Because DNP's Notice of Removal (combined with the information provided in DNP's voluntary proffer) adequately establishes federal jurisdiction, no further showing of jurisdictional facts is warranted.

The Notice of Removal Establishes Jurisdiction Under the Class Action Fairness Act ("CAFA")

The burden on a defendant seeking to invoke jurisdiction under CAFA is not particularly high. Unlike simple diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA" because "CAFA's primary objective is to ensure Federal court consideration of interstate cases of national importance." *Gau*, 2021 WL 754536, at *2 (quoting *Dart Cherokee*, 574 U.S. at 89). Here, as noted above, Plaintiff challenges the amount in controversy and DNP's corporate citizenship.

"[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover … [a]n assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite … amount[.]'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted). Plaintiff seeks restitution of subscription fees paid by a broad class of all California residents who purchased DNP subscriptions, of which there are allegedly "thousands," many of whom may have been subscribers for months or years. And this does not account for the cost of complying with an injunction – which may require shutting down significant portions of DNP's website and incurring significant lost profits – and/or attorney's fees. Simply, following a sound and good faith chain of reasoning, *see Salonga v. Aegis Senior Communities, LLC*, No. 22-cv-00525-LB, 2022 WL 1439914, at *2 (N.D. Cal. May 6, 2022), there is ample basis to conclude that CAFA's threshold is met.

DNP's corporate citizenship has likewise been established by a sworn statement submitted to the Colorado Department of State. It is unclear what other information Plaintiff needs to evaluate DNP's citizenship.

The Notice of Removal Establishes "Diversity" Jurisdiction

As DNP has demonstrated that there is federal jurisdiction under CAFA, this Court need not consider whether diversity jurisdiction exists as well. But it does. There is no reasonable dispute that Plaintiff and Defendant are citizens of separate states. And Plaintiff's complaint sets forth a rogues' gallery of harms that DNP has allegedly caused him, including the forfeit of (as yet unidentified and unvalued) "claims" that may now be time-barred, and disruption to his ability to establish a business. *See* Complaint ¶¶ 34-35. If relief were to be granted on all those allegations, it is perfectly reasonable to conclude that the value of such relief could exceed $75,000.

**CONCLUSION**

For the reasons set forth herein, Defendant DoNotPay, Inc. respectfully requests that the Court deny Plaintiff's motion.

Respectfully submitted,

Dated: May 1, 2023

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Dale Bish*
DALE BISH, State Bar No. 235390
ALLIE M. FELLOWS, State Bar No. 346701
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Email: dbish@wsgr.com
Email: afellows@wsgr.com

ELI B. RICHLIN, NY State Bar No. 4861357
(admitted *pro hac vice*)
PAUL C. GROSS, NY State Bar No. 5615687
(admitted *pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: erichlin@wsgr.com
Email: pgross@wsgr.com

Attorneys for Defendant
DoNotPay, Inc.