# EXHIBIT 1

# [Ext] Faridian v. DoNotPay, Inc.

**Gross, Paul** <pgross@wsgr.com>  Mon, Apr 10, 2023 at 12:52 PM
To: Eli Wade-Scott <ewadescott@edelson.com>
Cc: Jay Edelson <jedelson@edelson.com>, "epenkowski@edelson.com" <epenkowski@edelson.com>, "Bish, Dale" <DBish@wsgr.com>, "Fellows, Allie" <afellows@wsgr.com>, "Richlin, Eli" <erichlin@wsgr.com>

Counsel,

As you know, we removed this case to the Northern District of California on Friday.  Will you please consent to a responsive pleading deadline of April 28, 2023?  Notably, this is sooner than the deadline the parties set for DoNotPay's responsive pleading in state court.  I attach a proposed stipulation to that effect.  Thanks.

Paul



**DRAFT - DoNotPay's Stipulation Extending Deadline to Respond.docx**
41K

# [Ext] Faridian v. DoNotPay, Inc.

**Jay Edelson** <jedelson@edelson.com>  Mon, Apr 10, 2023 at 1:03 PM
To: "Gross, Paul" <pgross@wsgr.com>
Cc: Eli Wade-Scott <ewadescott@edelson.com>, "epenkowski@edelson.com" <epenkowski@edelson.com>, "Bish, Dale" <DBish@wsgr.com>, "Fellows, Allie" <afellows@wsgr.com>, "Richlin, Eli" <erichlin@wsgr.com>

Thanks, Paul.  We will look at it and revert today or tomorrow.  On a related front, we were a bit confused by the removal papers.  We don't see how you can claim that general diversity jurisdiction is satisfied.  No one has $75k in individual damages, let alone each member of the class.  On the CAFA front, we concede that you might be able to establish federal jurisdiction but your papers don't explain why $5m is at issue.  We'd like to do a short dep of Josh limited solely to the removal issues.  Is that something we can agree upon?  If so, we would be open to doing it remotely so Josh doesn't have to travel from New York.  We think the dep will take probably an hour or so.

Best,

Jay



**Jay Edelson**
350 N LaSalle St, 14th Floor, Chicago, IL 60654
d 312.589.6375 · t 312.589.6370 · edelson.com

Non-Compliant · @JayEdelson (Twitter · LinkedIn)

[Quoted text hidden]

1

2

## [Ext] Faridian v. DoNotPay, Inc.

**Gross, Paul** <pgross@wsgr.com>  Wed, Apr 12, 2023 at 12:55 PM
To: Jay Edelson <jedelson@edelson.com>
Cc: Eli Wade-Scott <ewadescott@edelson.com>, "epenkowski@edelson.com" <epenkowski@edelson.com>, "Bish, Dale" <DBish@wsgr.com>, "Fellows, Allie" <afellows@wsgr.com>, "Richlin, Eli" <erichlin@wsgr.com>

Jay,

Following up on your inquiries below.

As for our removal papers, as you know, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. " *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Evidence of such amount in controversy is only required if removal is contested. *Id.*  We believe our Notice satisfies that standard with respect to both CAFA and diversity jurisdiction (particularly where the cost of requested injunctive relief is taken into account).

On your request for a deposition, we decline to produce Mr. Browder for a deposition at this time.

Best,

Paul

2

## [Ext] Faridian v. DoNotPay, Inc.

**Jay Edelson** <jedelson@edelson.com>  Wed, Apr 12, 2023 at 1:40 PM
To: "Gross, Paul" <pgross@wsgr.com>
Cc: Eli Wade-Scott <ewadescott@edelson.com>, "epenkowski@edelson.com" <epenkowski@edelson.com>, "Bish, Dale" <DBish@wsgr.com>, "Fellows, Allie" <afellows@wsgr.com>, "Richlin, Eli" <erichlin@wsgr.com>

Could you more concretely explain your good faith belief that each class member has suffered over $75,000 in damages?

On the deposition front, thank you for the quick response.

-J

**Edelson** PC

**Jay Edelson**
350 N LaSalle St, 14th Floor, Chicago, IL 60654
d 312.589.6375 · t 312.589.6370 · edelson.com

Non-Compliant · @JayEdelson (Twitter · LinkedIn)

[Quoted text hidden]

## [Ext] Faridian v. DoNotPay, Inc.

**Gross, Paul** <pgross@wsgr.com>  Mon, Apr 17, 2023 at 3:58 PM
To: Jay Edelson <jedelson@edelson.com>
Cc: Eli Wade-Scott <ewadescott@edelson.com>, "epenkowski@edelson.com" <epenkowski@edelson.com>, "Bish, Dale" <DBish@wsgr.com>, "Fellows, Allie" <afellows@wsgr.com>, "Richlin, Eli" <erichlin@wsgr.com>

Jay,

To follow up on your question re amount-in-controversy for diversity jurisdiction:

All that is required for the Court to exercise diversity jurisdiction over this action is that the named Plaintiff plausibly has a claim for $75,000 or more. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) ("We hold that, where the other elements of jurisdiction are present **and at least one named plaintiff in the action satisfies the amount-in-controversy requirement,** § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction") (emphasis added).

Here, Plaintiff Faridian alleges, among other things, that as a result of DoNotPay's conduct, certain of his claims may have become time-barred and that his effort to establish an online business was frustrated. See Complaint ¶¶ 34-35. If true, which DoNotPay does not concede, these allegations could support an award for damages greater than $75,000. Adding in attorneys' fees and the value of injunctive relief only increases the likelihood that Plaintiff satisfies the amount-in-controversy requirement.

3